### John T. DRANOW v. Louise E. GLUCK

[758 A.2d 776]

No. 99-042

July 21, 2000. Husband appeals from a family court order, on remand from this Court, granting wife's motion to enforce the terms of a divorce decree. He contends the court again erred in finding that the parties intended, by their stipulation, that husband would unconditionally guarantee a monthly sum of money to wife. We affirm.

The parties are part owners of the New England Culinary Institute (NECI). The second paragraph of their stipulated divorce order provided that husband was to cause NECI to pay wife certain monthly sums until NECI is sold. The agreement further stated that the "services rendered or to be rendered" for compensation were to be worked out between wife and one of the NECI principals, Fran Voigt. The parties stipulated that payments were to be guaranteed by husband should NECI fail to pay "for any reason whatsoever."

NECI made a few payments while learning of the arrangement, but refused to pay after three months, and wife filed an enforcement action against husband. Husband claimed that payment was not due because wife failed to negotiate an agreement in good faith with NECI. Enforcement was granted by the court on the ground that the provision imposed an

unconditional obligation to pay on the part of husband. Husband appealed. We reversed and remanded because we found the agreement to be ambiguous, and therefore, the court should have heard evidence and decided the question of the intent of the parties, or more specifically, whether payment was conditioned upon the further negotiation of an agreement between wife and NECI. See *Dranow v. Gluck*, 167 Vt. 651, 710 A.2d 172 (1998) (unpublished disposition).

On remand, the court held an evidentiary hearing in December 1998. The court concluded that the parties intended that wife would receive monthly payments from NECI, that NECI's involvement was a device to avoid an order for alimony that would be modifiable in the future, and that the payments were not necessarily linked to work "rendered or to be rendered." Therefore, whether wife negotiated in good faith over the work that was to be valued in the past or in the future was not relevant to the husband's ultimate obligation to pay. The court ordered enforcement of the agreement and husband again appealed.

On appeal, husband makes a wholesale attack on the findings that amounts to asking this Court to adopt his theory of the case and reject his wife's. First, he quarrels with the family court's view of the evidence by insisting that the parties intended that a further agreement would be negotiated before husband's obligation to pay would come into play. The court's view that no further negotiation was needed is supported by the testimony of wife, as well as the other NECI stockholders, Fran and Ellen Voigt. The court found that at the time the parties made the agreement, wife required additional monthly income to meet her needs and husband did not want to pay this money in the form of alimony, precisely because it is modifiable. Wife did not insist on the money being paid in a form that would be modifiable, as long as she received it. Therefore, she agreed that NECI could pay her the money, as long as she could be sure that the money would, in fact, be paid.

It was husband's scheme to get NECI to pay wife for services, even if the services had been rendered in the past. The court found, with support in the record, that the husband proposed this scheme without consulting NECI and that after NECI realized what was happening, the board of directors refused to continue paying. To the extent that husband set forth a different theory of the case, i.e., that he had NECI's support for the arrangement and that it was wife who caused the deal to fail by refusing to negotiate in good faith, the court rejected it as not credible. The family court is entitled to weigh the evidence and decide the credibility of witnesses, as well as draw all reasonable inferences from the testimony. "Given its unique position to assess the credibility of witnesses and weigh the evidence, we will not set aside the court's findings if supported by the evidence, nor its conclusions if supported by the findings." *Begins v. Begins*, 168 Vt. 298, 301, 721 A.2d 469, 471 (1998). Despite husband's numerous claims that the findings or inferences are unreasonable or do not appear in the evidence, a review of the transcript reveals that the material elements of the court's view of the evidence are supported.

All of husband's claims of error would require us first to accept his premise that the court's view of the evidence is erroneous. Because we affirm the court's conclusion that the parties intended NECI's involvement to be only a mechanism for the payment of a nonmodifiable sum, the other claims of error on appeal are without merit.

*Affirmed.*